```
 1   Geana M. Van Dessel, WSBA No. 35969
     gmv@wkdtlaw.com
 2   Witherspoon, Kelley, Davenport & Toole, P.S.
     422 West Riverside Ave., Suite 1100
 3   Spokane, Washington  99201-0300
 4   Phone:  509-624-5265; Fax: 509-458-2717

 5
     Attorneys for Defendant Dollar Tree Stores, Inc.
 6
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA SULLIVAN, a single person,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a Virginia Corporation, doing business in Washington.<br><br>Defendant. | No. CV-07-5020-EFS<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

## I.  NATURE OF CASE & RELIEF SOUGHT

The discovery cut-off in this case expires on January 25, 2008.  Just days before that cut-off expired, on January 21, 2008, Plaintiff, apparently realizing she had not conducted any discovery and that the deadline for sending interrogatories and requests for production

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 1

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

had already expired, noted a Rule 30(b)(6) deposition for January 25, 2008, imposing on Dollar Tree the significant expense and burden of traveling to Virginia and preparing multiple witnesses to testify to Dollar Tree's collective knowledge on multiple topics, which are not properly defined and focused within Rule 30(b)(6) and which could, and should, long since have been addressed in inexpensive document production. Dollar Tree seeks a protective order precluding Plaintiff from conducting a Rule 30(b)(6) deposition because the three-days notice it provided is unreasonable and because the discovery Plaintiff seeks could have been obtained through more efficient, less burdensome means.

## II. FACTS

A statement of the relevant facts are set forth in the accompanying declaration of Geana M. Van Dessel, and by reference are incorporated herein.

## III. ARGUMENT

**A.    Plaintiff's Amended Deposition Notice Is Untimely And Unduly Burdensome**.

Plaintiff's amended deposition notice provided Dollar Tree with only three days in which to prepare witnesses for a Rule 30(b)(6) deposition naming 10 topics on which witnesses are expected to give binding testimony on behalf of the corporation. The topics are not narrowly focused and defined; rather they are essentially "contention" discovery[1] and

---

[1] For example, Plaintiff's Amended Deposition Notice identifies broad topics such

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 2

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

inquiry into matters one would expect in normal circumstances to be covered with document discovery (i.e., pay stubs, personnel file, and work schedules). This method of discovery (which was likely selected only because all deadlines have run on other discovery) is unreasonably burdensome, and the time-frame is unreasonable, in light of the considerable obligations that a Rule 30(b)(6) deposition imposes on a corporation.

A Rule 30(b)(6) imposes an affirmative duty on Dollar Tree to designate multiple witnesses to testify "as to matters known or reasonably available" to Dollar Tree. The duty to testify "as to matters known or reasonably available" implicitly requires designated persons to review all matters known or reasonably available to them in preparation for a Rule 30(b)(6) deposition. *See United States v. Taylor*, 166 F.R.D. 356, 361-62 (D.N.C.1996) ("[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.") (citations omitted). Under Rule 30(b)(6), Dollar Tree is required to "make a conscientious good-faith endeavor to designate the persons having knowledge of

---

as: (1) "facts relating to [Dollar Tree's] Affirmative Defense"; (2) "Dollar Tree's reinstatement of [the Plaintiff]"; and (3) "[c]ircumstances surrounding plaintiff's employment with Dollar Tree, including: (a) plaintiff's employment dates, (b) work schedule, (c) performance, (d) compensation."

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

the matters sought" by Plaintiff and "to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters" "whether from documents, past employees, or other sources." *Bank of New York v. Meridien BIAL Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y.1997) (citations omitted).

Here, this would require Dollar Tree's counsel to travel to Virginia to meet with and prepare multiple witnesses who must be both knowledgeable about a given area and prepared to give complete and binding answers on behalf of Dollar Tree. *Id.*, at 150 (citation omitted). Counsel would be required to conduct a reasonable inquiry to ensure that all knowledgeable witnesses were located and disclosed, that all documents relevant to the inquiry were located and reviewed, and that all witnesses were prepared to give responses. *See Qualcomm Inc. v. Broadcom Corp.*, Slip Copy, 2008 WL 66932 (2008), a recent case from the Southern District of California that describes the deponent corporation's burden and counsel's obligations in connection with Rule 30(b)(6) notices. Dollar Tree can't reasonably accomplish this with three days notice.

In addition to the problems with the timing of Plaintiff's amended deposition notice, a Rule 30(b)(6) deposition is an overly burdensome method of acquiring the information Plaintiff is requesting. It's evident from the topics outlined in Plaintiff's amended deposition notice that the significant expense and burden of a Rule 30(b)(6)deposition(s) could have

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

been avoided with simply interrogatories and requests for production. Plaintiff's amended notice seeks information relating to Dollar Tree's contentions and defenses, but requiring Dollar Tree to marshal all of its factual proof and prepare witnesses to be able to testify to Dollar Tree's defenses would be highly inefficient and burdensome, certainly less efficient than utilizing interrogatories and discovery requests to secure the information requested by Plaintiff. *See In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996). Plaintiff hasn't even taken fact depositions; Dollar Tree offered to produce local witnesses for fact depositions within the time remaining before the discovery cut-off, but Plaintiff declined. *See* Decl. Van Dessel, ¶ 6.

Since no one employee would have the requisite knowledge to answer questions about all of the contentions stated in Dollar Tree's pleadings and its defenses, a Rule 30(b)(6) deposition would require Dollar Tree's counsel to travel to Virginia to meet with and prepare multiple witnesses who live and work in Virginia. Dollar Tree should not have to incur the significant burden and expense involved in a Rule 30(b)(6) deposition simply because Plaintiff failed to timely conduct any discovery through more efficient, practical means.

**B.   Any Corporate Deposition Of Dollar Tree Must Be Taken At Its Principal Place of Business In Virginia.**

Under the circumstances present in this case, a Rule 30(b)(6) deposition is inappropriate. If, however, the Court disagrees and is inclined to permit Plaintiff to conduct

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
PROTECTIVE ORDER - 5

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

a corporate deposition, that deposition needs to take place in Chesapeake, Virginia, Dollar Tree's principal place of business. *See* Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2112 at 81 ("A deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."). Dollar Tree has not yet had an opportunity to conduct the necessary investigation into which witnesses it would be required to designate, but it is convinced that there would be more than one such witness located in Chesapeake, Virginia. *See* Van Dessel Decl., ¶ 7.

## IV. CONCLUSION

For the reasons stated herein, Dollar Tree seeks a protective order precluding Plaintiff from conducting a Rule 30(b)(6) deposition of Dollar Tree through its agents and officers.

DATED this <u>24th</u> day of January 2008.

                      WITHERSPOON, KELLEY, DAVENPORT
                           & TOOLE, P.S.

                      By    <u>s/ Geana M. Van Dessel</u>
                              Geana M. Van Dessel, WSBA No. 35959
                              gmv@wkdtlaw.com
                              Attorneys for Defendant

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of January 2008,

1. I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: **Janet E. Taylor**.

2. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants at the address listed below: **none**.

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participant(s) at the address listed below: **none.**

          s/ Geana M. Van Dessel
          Geana M. Van Dessel
          gmv@wkdtlaw.com
          Witherspoon, Kelley, Davenport
          & Toole, P.S.
          422 W. Riverside Ave., # 1100
          Spokane, WA 99201-0300
          Phone: 509-624-5265
          Fax: 509-478-2728

Janet E. Taylor
Janet Taylor Law Firm, LLC
710 George Washington Way, Suite F
Richland, WA 99352
Phone: (509) 943-2585
Facsimile: (509) 943-8855
E-mail: janet@jtaylor-law.com

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 7

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-5265