


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA SULLIVAN, a single person,<br><br>               Plaintiff,<br><br>    v.<br><br>DOLLAR TREE STORES, INC., a Virginia Corporation, doing business in Washington,<br><br>               Defendant. | NO. CV-07-5020-EFS<br><br>**ORDER GRANTING AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

    Before the Court, without oral argument, are Plaintiff Christina Sullivan's Motion to Compel Discovery and Motion to Extend Discovery Cutoff (Ct. Rec. 24) and Defendant Dollar Tree Stores, Inc.'s Motion for Protective Order (Ct. Rec. 17). After reviewing the submitted material and relevant authority,[1] the Court is fully informed and grants and denies in part Plaintiff's motion and denies Defendant's motion. The reasons for the Court's Order are set forth below.

---

[1] The parties requested oral argument on these motions but, after review, the Court finds oral argument is not necessary. LR 7.1(h)(3).

ORDER ~ 1

# I. Background

On April 26, 2007, Plaintiff filed a complaint alleging that she was denied FMLA leave and terminated in violation of law. On January 17, 2008, eight (8) days before the January 25, 2008, discovery cutoff, Plaintiff sent Defendant a Federal Rule of Civil Procedure 30(b)(6) deposition notice. The next day, Defendant informed Plaintiff via email that her Rule 30(b)(6) notice did not describe with reasonable particularity the matters for examination.

On January 21, 2008, Plaintiff voluntarily sent an amended Rule 30(b)(6) deposition notice that allegedly clarified the topics and set the deposition for January 25, 2008. Defendant objected to only four-days notice and filed the Motion for Protective Order (Ct. Rec. 19) now before the Court. Plaintiff responded by filing the Motion to Compel Discovery and Motion to Extend Discovery Cutoff (Ct. Rec. 24) that is also now before the Court.

# II. DISCUSSION

Defendant argues that Plaintiff's amended Rule 30(b)(6) deposition notice is untimely and unduly burdensome. (Ct. Rec. 19 at 2.) Plaintiff responds that Defendant has: (1) not met the 'heavy burden' necessary to obtain a protective order; and (2) had enough time to prepare a corporate designee. (Ct. Rec. 31 at 7.)

Courts have the discretion to grant protective orders under Federal Rule of Civil Procedure 26(c), which states, in pertinent part:

**(c) Protective Orders**.

> (1) In General. The court may, for good cause, issue an order to protect a party . . . from undue burden or expense, including one or more of the following:

ORDER * 2

>    (B) specifying terms, including time and place, for the
>    disclosure or discovery;
>    (C) prescribing a discovery method other than the one
>    selected by the party seeking discovery.
>
>    (2) Ordering Discovery.  If a motion for a protective order is
>    wholly or partly denied, the court may, on just terms, order
>    that any party or person provide or permit discovery.

FED. R. CIV. P. 26(c) (2007).  For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm that will result if no protective order is granted.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-1211 (9th Cir. 2002).  Demonstrating good cause under Rule 26 is a heavy burden.  *Rivera v. NIBCO, Inc.,* 384 F.3d 822, 827 (9th Cir. 2004).

Here, good cause does not exist for a protective order.  Rule 30 specifically gives a party the right to question a witness by oral deposition.  *See* FED. R. CIV. P. 30 (2007).  And as Plaintiff points out, there are strong reasons why a party strategically selects to proceed by oral deposition rather than alternate means, including the spontaneity of witness responses.  *Nat'l Life. Ins. Co. v. Hartford Accident & Indem. Co.,* 615 F.2d 595, 600 (3d Cir. 1980).

So while Plaintiff is entitled to conduct a Rule 30(b)(6) deposition, Plaintiff's amended notice, which provided Defendant four-days to prepare one or more corporate designees, was not reasonable for purposes of Rule 30(b)(1), especially considering that producing an unprepared witness is tantamount to a "failure to appear," which is sanctionable under Rule 37(d).  *Black Horse Lane Assoc. L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000).

ORDER * 3

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Protective Order **(Ct. Rec. 17)** is **DENIED**.

2. Plaintiff's Motion to Compel Discovery and Motion to Extend Discovery Cutoff **(Ct. Rec. 24)** is **GRANTED AND DENIED IN PART** as follows:

   A. The discovery cutoff in the above-captioned matter is extended until **March 28, 2008,** for the sole purpose of taking Defendant's Rule 30(b)(6) deposition;

   B. Plaintiff shall send a new Rule 30(b)(6) deposition notice to Defendant **no later than March 18, 2008.** This notice shall comply with Rule 30(b)(6) and describe with reasonable particularity the matters for examination. The notice shall set the deposition for a date **no later than March 28, 2008**;

   C. Defendant may designate more than one corporate representative in order to adequately address the deposition topics;

   D. To help alleviate the financial burden on both parties, this deposition shall be conducted by telephone. For purposes of the Federal Rules of Civil Procedure, the deposition takes place where the deponent answers the questions. *See* FED. R. CIV. P. 30(b)(4) (2007). Here, this is in Chesapeake, Virginia.

ORDER * 4

1    **IT IS SO ORDERED**.  The District Court Executive is directed to enter
2    this Order and to provide copies to counsel.
3    **DATED** this 14th     day of March 2008.

                            S/ Edward F. Shea
                            EDWARD F. SHEA
                        United States District Judge

Q:\Civil\2007\5020.Compel.PO.wpd

ORDER * 5